J-S07025-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOUIS JACOB HIEDACAVAGE | : | |
| | : | |
| Appellant | : | No. 1062 MDA 2025 |

Appeal from the Judgment of Sentence Entered May 16, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002029-2024

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:              **FILED: MAY 11, 2026**

Appellant, Louis Jacob Hiedacavage, appeals from the judgment of sentence entered on May 16, 2025, following his guilty plea to failure to comply with registration requirements, 18 Pa.C.S.A. § 4915.2(a)(1).[1]  In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.  Moreover, after independent

---

[1] "An individual who is subject to registration under 42 Pa.C.S.A § 9799.55(a), (a.1) or (b) (relating to registration) or who was subject to registration under former 42 Pa.C.S. § 9793 (relating to registration of certain offenders for ten years) commits an offense if the individual knowingly fails to [] (1) register with the Pennsylvania State Police as required under 42 Pa.C.S.A § 9799.56 (relating to registration procedures and applicability)."   18 Pa.C.S.A. § 4915.2(a)(1).

review of the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

We briefly summarize the facts and procedural history of this case as follows. On February 19, 2025, Appellant pled guilty to the aforementioned charge following an oral colloquy before the trial court.[2] At the conclusion of the plea hearing, the trial court accepted Appellant's guilty plea as "voluntarily tendered," ordered a pre-sentence investigation (PSI) report, and scheduled sentencing. N.T., 2/19/2025, at 5. On May 16, 2025, the trial court sentenced Appellant to a standard-range sentence of 20 to 40 months of incarceration, consecutive to any other sentence Appellant was serving. N.T., 5/16/2025, at 5. On May 27, 2025, trial counsel filed a motion to reconsider the sentence, asking that the trial court modify Appellant's minimum sentence

---

[2] Here, there is no dispute that Appellant was previously convicted of a sex offense and subject to lifetime registration with the Pennsylvania State Police. *See* Trial Court Opinion, 10/7/2025, at 2 (Appellant's "2004 conviction for aggravated indecent assault without consent, 18 Pa.C.S.A. § 3125(a)(1), [] necessitated his [] registration requirement."); *see also* Petition for Sentence Reduction *Nunc Pro Tunc*, 6/2/2025, at ¶ 1 (Appellant states that he was subject to lifetime registration upon a conviction for aggravated indecent assault in 2004); *see also* N.T., 2/19/2025, at 2 (Commonwealth states that Appellant "agrees to plead guilty to … failure to register, **lifetime registrant**, [Section] 4915.2(a)(1), a felony of the second-degree carrying a maximum sentence of 10 years and a maximum fine of $25,000.00.") (emphasis added). We have previously determined that "[a] sex offender who fails to comply with the reporting requirement may be subjected to a criminal prosecution for that failure, but any prosecution is a proceeding separate from the individual's original offense." *Commonwealth v. Perez*, 97 A.3d 747, 754 (Pa. Super. 2014) (citation omitted). Accordingly, at this juncture, we may not review Appellant's underlying conviction that led to his registration obligation.

to 14 months of incarceration because Appellant "has not been charged with any new charges" and "did not intentionally fail to register" but "simply forgot to register." Motion to Modify Sentence, 5/27/2025, at ¶¶ 2-4. By order entered on July 1, 2025, the trial court denied relief. This timely, counseled appeal resulted.[3]

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an ***Anders*** brief. Before reviewing the merits of this appeal, we first determine whether counsel has fulfilled the necessary procedural requirements to withdraw as counsel. ***Commonwealth v. Miller***, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under ***Anders***, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." ***Miller***, 715 A.2d at 1207. Second, counsel must file an ***Anders*** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

---

[3] Appellant filed a notice of appeal on July 29, 2025. The trial court appointed new appellate counsel on August 4, 2025. On August 5, 2025, the trial court directed appellate counsel to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellate counsel complied timely on August 20, 2025. On October 7, 2025, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

case law, and/or statutes on point that have led to the conclusion
that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the

*Anders* brief to his or her client and advise the client "of [the client's] right to

retain new counsel, proceed *pro se* or raise any additional points worthy of

this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.

Super. 2007) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the

responsibility of the reviewing court to make a full examination of the

proceedings and make an independent judgment to decide whether the appeal

is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also*

*Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en*

*banc*) (holding that the *Anders* procedure requires this Court to review "the

entire record with consideration first of the issues raised by counsel . ...[T]his

review does not require this Court to act as counsel or otherwise advocate on

behalf of a party. Rather, it requires us only to conduct a review of the record

to ascertain if[,] on its face, there are non-frivolous issues that counsel,

intentionally or not, missed or misstated. We need not analyze those issues

of arguable merit; just identify them, deny the motion to withdraw, and order

counsel to analyze them[.]"). It is only when all of the procedural and

substantive requirements are satisfied that counsel will be permitted to

withdraw.

Here, appellate counsel complied with all of the above procedural obligations.[4] We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the issue raised in the **Anders** brief, which is as follows:

> Whether the trial court abused its discretion sentencing [] Appellant [by] failing to adequately consider mitigating factors[?]

**Anders** Brief at 1 and 5.

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). When criminal charges have been resolved through entry of a guilty plea, this Court will "allow an appeal only as to those discretionary aspects of sentencing which have not been agreed upon during the negotiation process." **Commonwealth v. Dalberto**, 648 A.2d 16, 21 (Pa. Super. 1994). We are required to dismiss an appeal challenging the discretionary aspects of sentence where the defendant pled guilty under an arrangement that included a negotiated sentence. **See Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa. Super. 1991). Here, Appellant's sentence was not negotiated as part of his plea deal. Instead, the trial court ordered a PSI report, scheduled sentencing, and listened to the recommendations of counsel before imposing a sentence on

_____

[4] Furthermore, Appellant has not responded to counsel's petition to withdraw.

May 16, 2025. **See** N.T., 5/16/2025, at 2-4. As such, we may entertain a challenge to the discretionary aspects of sentencing.

It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." **Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his appeal as a petition for allowance of appeal. **Commonwealth v. W.H.M**., 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant [ ] filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation omitted).

Instantly, Appellant filed a timely notice of appeal, properly preserved his claim by filing a post-sentence motion on May 27, 2025, and included a Rule 2119(f) statement in his brief. **See Anders** Brief at 5. Thus, we turn to whether he raised a substantial question. A substantial question is raised by demonstrating that the trial court's actions were inconsistent with the Sentencing Code or contrary to a fundamental norm underlying the sentencing

process. ***Commonwealth v. Bonner***, 135 A.3d 592, 603 (Pa. Super. 2016). This issue is evaluated on a case-by-case basis. ***Id.*** This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. ***Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. 2006).

Herein, Appellant contends that his sentence is excessive and that the trial court abused its discretion by failing to consider various mitigating factors including, "that he is disabled with multiple sclerosis," suffers from mental health, alcohol, and drug-related issues, and he "accepted responsibility" for failing to register and "it was not a repeat of any sexual offense." ***Anders*** Brief at 7. This Court has held that inadequate consideration of mitigating factors fails to raise a substantial question when the sentence falls within the standard range of the sentencing guidelines. ***See Commonwealth v. Crawford***, 257 A.3d 75, 79 (Pa. Super. 2021); ***see also Commonwealth v. Velez***, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the "weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the [sentencing] court's exclusive domain."). Applying this line of authority, Appellant has not validly invoked our jurisdiction to consider his

discretionary sentencing claims and, therefore, his contentions would not warrant further review.

We recognize, however, that "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors [have] been less than a model of clarity and consistency." ***Commonwealth v. White***, 193 A.3d 977, 983 (Pa. Super. 2022) (citation omitted). In light of the foregoing, and given that we are obligated to examine the record before us and independently determine whether the appeal is wholly frivolous, we will examine the substance of Appellant's discretionary sentencing claim.

Our standard of review over a challenge to the discretionary aspects of sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.
>
> * * *
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports [("PSI

- 8 -

report")] exist, we shall presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] report constitutes the record and speaks for itself.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760-761 (Pa. Super. 2014)

(internal citations, quotations, original brackets and ellipsis omitted).

Our Supreme Court has held:

Having been fully informed by the [PSI] report, the sentencing court's discretion should not be disturbed. This is particularly true, … in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988).

Moreover, a trial court must impose a punishment consistent with 42 Pa.C.S.A. § 9721(b). Thus, the trial court "shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under [S]ection 2155 (relating to publication of guidelines for sentencing, resentencing and parole, risk assessment instrument and recommitment ranges following revocation)." ***Id***. In reviewing the record, an appellate court shall have regard for: the nature and circumstances of the offense and the history and

characteristics of the defendant; the opportunity of the sentencing court to observe the defendant, including any presentence investigation; the findings upon which the sentence is based; and, the guidelines promulgated by the sentencing commission. *See* 42 Pa.C.S.A. § 9781(d)(1)-(4). If the sentencing court imposes a sentence within the applicable guidelines, an appellate court should vacate the sentence and remand the case for resentencing only if the case involves circumstances where application of the guidelines would be clearly unreasonable. *See* 42 Pa.C.S.A. § 9781(c).

Herein, the trial court explained its sentencing rationale, as follows:

Prior to imposing [ ]Appellant's sentence, [the trial court] considered the [PSI] report, the arguments of counsel, the relevant sentencing guidelines, and his allocution. [The trial court] was aware of [] Appellant's homelessness, his multiple sclerosis diagnosis, and use of a cane. Because [the trial court] reviewed the [PSI report], [it] was aware of [] Appellant's issues with alcohol. Misuse of alcohol figured predominantly in each of [] Appellant's four prior criminal convictions, including his 2004 conviction for aggravated indecent assault without consent, 18 Pa.C.S.A. § 3125(a)(1) which necessitated his [] registration requirement. [The trial court credited Appellant's testimony] that he was sober for lengthy periods of time between his convictions, and the PSI [report] supports his claim.

[The trial court] was also aware that [] Appellant's prior record score was three (3) and the offense gravity score for his conviction was twelve (12) resulting in a standard [guideline] range [of] between twenty (20) and twenty-six (26) months['] incarceration. [The trial court] sentenced [] Appellant to twenty (20) to forty (40) months['] incarceration after considering his individual sentencing needs. [The trial court] did not, as Appellant wished, impose a mitigated sentence.

Trial Court Opinion, 10/7/2025, at 1-2 (record citations omitted).

- 10 -

Upon review, we discern no abuse of discretion in sentencing. Initially, we note that Appellant's discretionary sentencing challenge fails immediately because, during sentencing the trial court had the benefit of a PSI report. Given this fact, we presume that the trial court was aware of information regarding Appellant's character and weighed those considerations along with mitigating statutory factors. Furthermore, the record establishes that the trial court carefully considered all of the factors relevant to sentencing and imposed an individualized punishment tailored to the facts of this case. Thus, we conclude that Appellant's excessive sentencing claim is belied by the record. Hence, we have independently considered the issue raised within the ***Anders*** brief and determined that the claim is frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/11/2026